| PROB 22 | DOCKET NUMBER *(Tran. Court)* |
| (SCP Rev. 3/13) | 4:16CR00646-005 |
| TRANSFER OF JURISDICTION | DOCKET NUMBER *(Rec. Court)* |
| | 3:19-cr-00158 |

| NAME AND ADDRESS OF PROBATIONER/SUPERVISED RELEASEE | DISTRICT | DIVISION |
| | South Carolina | Florence |
| Nicholas Tarpley | NAME OF SENTENCING JUDGE | |
| | R. Bryan Harwell | |
| | DATES OF PROBATION/ SUPERVISED RELEASE | FROM August 24, 2017 | TO August 23, 2022 |

OFFENSE
Conspiracy to Commit Immigration Fraud, 8 U.S.C. § 1325(c) and 18 U.S.C. § 371

---

**PART 1 - ORDER TRANSFERRING JURISDICTION**

UNITED STATES DISTRICT COURT FOR THE _____ DISTRICT OF ____ South Carolina

   IT IS HEREBY ORDERED that, pursuant to 18 U.S.C. 3605, the jurisdiction of the probationer or supervised releasee named above be transferred with the records of this Court to the United States District Court for the Southern District of West Virginia upon that Court's order of acceptance of jurisdiction. This Court hereby expressly consents that the period of probation or supervised release may be changed by the District Court to which this transfer is made without further inquiry of this court.*

_6-17-19_
*Date*

_R. Bryan Harwell_
*United States District Judge*

*This sentence may be deleted in the discretion of the transferring Court.

**PART 2 - ORDER ACCEPTING JURISDICTION**

UNITED STATES DISTRICT COURT FOR THE   Southern   DISTRICT OF   West Virginia

   IT IS HEREBY ORDERED that jurisdiction over the above-named probationer/supervised releasee be accepted and assumed by this Court from and after the entry of this order.

_6/24/19_
*Effective Date*

_____
*United States District Judge*

CLOSED

# U.S. District Court
## District of South Carolina (Florence)
## CRIMINAL DOCKET FOR CASE #: 4:16-cr-00646-RBH-5

Case title: USA v. Santaella Vieira et al

Date Filed: 08/23/2016
Date Terminated: 08/28/2017

Assigned to: Chief Judge R Bryan Harwell

### Defendant (5)

**Nicholas Tarpley**
*TERMINATED: 08/28/2017*

represented by **Nicholas Lewis**
Ballenger Barth and Hoefer
PO Box 107
Florence, SC 29503
843-662-6301
Email: nlewis@bbllawsc.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: CJA Appointment*

### Pending Counts

18:371 CONSPIRACY TO DEFRAUD
THE UNITED STATES
(1)

### Disposition

The defendant is hereby sentenced to
probation for a term of 5 years. While on
probation, the defendant shall comply with
the mandatory and standard conditions of
supervision in 18 U.S.C.
3563(a)&(b) and special conditions.
$100.00 special assessment and $1000.00
fine

### Highest Offense Level (Opening)

Felony

### Terminated Counts

None

### Disposition

### Highest Offense Level (Terminated)

None

### Complaints

None

### Disposition

**Plaintiff**

**USA**                                      represented by **A Bradley Parham**
                                                            US Attorneys Office (Flor)
                                                            PO Box 1567
                                                            Florence, SC 29503
                                                            843-665-6688
                                                            Fax: 843-678-8809
                                                            Email: brad.parham@usdoj.gov
                                                            *LEAD ATTORNEY*
                                                            *ATTORNEY TO BE NOTICED*
                                                            *Designation: Assistant US Attorney*

| Date Filed | # | Docket Text |
|---|---|---|
| 08/23/2016 | 1 | Order to Seal Indictment as to Sonia Raquel Santaella Vieira, Adalberto Vieira, Julie McGorty, Claudia Licia Santaella Ferreira, Nicholas Tarpley, Sidnei Noivo Ferreira, Nathalia Santaella Ferreira, Jason Bolt, Amanda Santaella Ferreira, Colby Musser. Signed by Magistrate Judge Kaymani D West on 08/23/2016.(sste ) (Entered: 08/24/2016) |
| 08/23/2016 | 3 | SEALED INDICTMENT (Sealed Grand Jury Ballot attached) as to Sonia Raquel Santaella Vieira (1) count(s) 1, Adalberto Vieira (2) count(s) 1, Julie McGorty (3) count(s) 1, Claudia Licia Santaella Ferreira (4) count(s) 1, Nicholas Tarpley (5) count(s) 1, Sidnei Noivo Ferreira (6) count(s) 1, Nathalia Santaella Ferreira (7) count(s) 1, 2, Jason Bolt (8) count(s) 1, 2, Amanda Santaella Ferreira (9) count(s) 1, Colby Musser (10) count(s) 1. (Attachments: # 1 GJ Ballot) (sste ) (Entered: 08/24/2016) |
| 08/23/2016 | 31 | NOTICE OF HEARING as to Julie McGorty, Nicholas Tarpley, Jason Bolt, Colby Musser: Arraignment set for 9/13/2016 10:30 AM in Florence #3, McMillan Federal Bldg., 401 W. Evans St., Florence before Magistrate Judge Thomas E Rogers III. (sste ) (Entered: 08/24/2016) |
| 08/30/2016 | 33 | Case Reassigned as to Julie McGorty, Nicholas Tarpley, Jason Bolt, Colby Musser to Judge Honorable R Bryan Harwell. Judge Unassigned - CRI no longer assigned to the case. (cwil, ) (Entered: 08/30/2016) |
| 09/09/2016 | 40 | NOTICE OF CANCELLATION OF HEARING: Arraignment set for 9/13/2016 10:30 AM as to Nicholas Tarpley (sste. ) (Entered: 09/09/2016) |
| 09/26/2016 | 134 | ORAL MOTION to Unseal Case by USA as to Nicholas Tarpley, Nathalia Santaella Ferreira, Amanda Santaella Ferreira (sste ) Modified file date on 9/27/2016 (sste ). (Entered: 09/27/2016) |
| 09/26/2016 | 135 | ORAL ORDER granting 134 Oral Motion to Unseal Case as to Nicholas Tarpley (5), Nathalia Santaella Ferreira (7), Amanda Santaella Ferreira (9). By Magistrate Judge Kaymani D West on 09/26/2016.(sste ) (Entered: 09/27/2016) |
| 09/27/2016 | 150 | Summons Returned Executed on 09/06/2016 as to Nicholas Tarpley (sste ) (Entered: 09/28/2016) |

| 09/27/2016 | 152 | CERTIFIED MAIL RECEIPT for 150 Summons Returned Executed as to Nicholas Tarpley. (sste ) (Entered: 09/28/2016) |
|---|---|---|
| 10/27/2016 | 197 | NOTICE OF HEARING as to Nicholas Tarpley Arraignment set for MONDAY, 11/7/2016 02:30 PM in Florence #3, McMillan Federal Bldg., 401 W. Evans St., Florence before Magistrate Judge Thomas E Rogers III. Mr. Tarpley will be appearing via VIDEO conference from the Southern District of West Virginia(swel, ) Modified text on 10/27/2016 (swel, ). (Entered: 10/27/2016) |
| 11/04/2016 | 200 | NOTICE OF CANCELLATION OF HEARING: Arraignment set for MONDAY, 11/7/2016 02:30 PM via VIDEO CONFERENCE in Florence #3, McMillan Federal Bldg., 401 W. Evans St., Florence before Magistrate Judge Thomas E Rogers III as to Nicholas Tarpley HAS BEEN CANCELLED (swel, ) (Entered: 11/04/2016) |
| 03/14/2017 | 270 | NOTICE OF HEARING as to Nicholas Tarpley Arraignment set for 3/30/2017 02:30 PM in Florence #3, McMillan Federal Bldg., 401 W. Evans St., Florence before Magistrate Judge Thomas E Rogers III. Mr. Tarpley will be appearing via video conference from the Southern District of West Virginia(swel, ) (Entered: 03/14/2017) |
| 03/20/2017 | 271 | NOTICE OF RESCHEDULED HEARING (** JUDGE REASSIGNMENT ONLY) as to Nicholas Tarpley Arraignment set for 3/30/2017 02:30 PM in Florence #3, McMillan Federal Bldg., 401 W. Evans St., Florence before Magistrate Judge Thomas E Rogers III cancelled and rescheduled to: Arraignment NOW set for 3/30/2017 02:30 PM in Florence #3, McMillan Federal Bldg., 401 W. Evans St., Florence before *** Magistrate Judge Kaymani D West. Mr. Tarpley will be appearing via video conference from the Southern District of West Virginia (swel, ) (Entered: 03/20/2017) |
| 03/21/2017 | 272 | CJA 20 as to Nicholas Tarpley: Appointment of Attorney Nicholas Lewis for Nicholas Tarpley. Signed by Magistrate Judge Thomas E Rogers, III on 3/21/17.(swel, ) (Entered: 03/21/2017) |
| 03/21/2017 | 273 | CJA 23 Financial Affidavit (Restricted Access) by Nicholas Tarpley (swel ) (Entered: 03/21/2017) |
| 03/30/2017 | 275 | Minute Entry for proceedings held before Magistrate Judge Kaymani D West: Arraignment as to Nicholas Tarpley (5) Count 1 held on 3/30/2017. Defendant appeared via video conference in the Southern District of West Virginia. AUSA Brad Parham present. CJA Counsel, Nick Lewis, present on behalf of the Defendant. Defendant indicated he understood charges, waived reading of the indictment and signed a NG plea form. $10,000.00 Unsecured bond set. All original documents signed by Defendant to be sent from the Southern District of West Virginia. Defendant waived his rights to speedy trial. Court Reporter Ray Simmons. CJA Time 30 minutes. (swel, ) (Entered: 03/30/2017) |
| 03/30/2017 | 276 | Not Guilty PLEA ENTERED as to Nicholas Tarpley (swel, ) (Entered: 03/30/2017) |
| 03/30/2017 | 278 | Unsecured Bond Entered as to Nicholas Tarpley in amount of $ 25,000.00. (swel, ) (Entered: 03/31/2017) |
| 03/30/2017 | 279 | ORDER Setting Conditions of Release as to Nicholas Tarpley (5) $25,000.00 Unsecured Bond. Signed by Magistrate Judge Kaymani D West on 3/30/17. (swel, ) (Entered: 03/31/2017) |

| 03/31/2017 | 277 | SCHEDULING NOTICE as to Nicholas Tarpley; Pretrial Conference set for 4/17/2017 10:00 AM; Jury Selection set for 4/20/2017 09:30 AM in Florence #1, McMillan Federal Bldg, 401 W Evans St, Florence before Honorable R Bryan Harwell. (mcam) (Entered: 03/31/2017) |
|---|---|---|
| 04/04/2017 | 282 | NOTICE OF RESCHEDULED HEARING as to Sonia Raquel Santaella Vieira, Adalberto Vieira, Claudia Licia Santaella Ferreira, Nicholas Tarpley, Sidnei Noivo Ferreira, Nathalia Santaella Ferreira, Amanda Santaella Ferreira and Colby Musser; Pretrial Conference 4/17/2017 10:00 AM cancelled and rescheduled to: Pretrial Conference set for 4/18/2017 10:00 AM in Florence #1, McMillan Federal Bldg, 401 W Evans St, Florence before Honorable R Bryan Harwell. Pleas will be taken immediately following pretrial. (mcam) (Entered: 04/04/2017) |
| 04/05/2017 | 283 | Notice Concerning waiver of Judicial Disqualification as to Nicholas Tarpley. Filed per direction of the Court. (mcam) Modified text on 4/18/2017 (mcam). (Entered: 04/05/2017) |
| 04/07/2017 | 285 | MOTION for Disclosure *of Evidence under 404(b)* by Nicholas Tarpley. No proposed order(Lewis, Nicholas) (Entered: 04/07/2017) |
| 04/07/2017 | 286 | MOTION for Disclosure *of Evidence* by Nicholas Tarpley. No proposed order(Lewis, Nicholas) (Entered: 04/07/2017) |
| 04/07/2017 | 287 | MOTION for Discovery *and Inspection* by Nicholas Tarpley. No proposed order(Lewis, Nicholas) (Entered: 04/07/2017) |
| 04/18/2017 | 307 | MOTION to Continue by Nicholas Tarpley. (mcam) (Entered: 04/18/2017) |
| 04/18/2017 | 308 | WAIVER of Appearance at Pretrial Conference by Nicholas Tarpley (mcam) (Entered: 04/18/2017) |
| 04/18/2017 | 309 | WAIVER of judicial disqualification by Nicholas Tarpley (mcam) (Entered: 04/18/2017) |
| 04/18/2017 | 310 | Letter of A. Bradley Parham, AUSA, as to Nicholas Tarpley in re: Waiver of Disqualification (mcam) (Entered: 04/18/2017) |
| 04/18/2017 | 312 | Minute Entry for proceedings held before Honorable R Bryan Harwell: Pretrial Conference as to Nicholas Tarpley held on 4/18/2017; A. Bradley Parham, AUSA, present; Nicholas Lewis present; defendant was excused from being at pretrial; signed waiver of speedy trial and also waived speedy trial at arraignment; granting 307 Motion to Continue as to Nicholas Tarpley (5). Court Reporter: Beth Krupa. CJA Time: 1 hour. (mcam) (Entered: 04/18/2017) |
| 04/18/2017 | 313 | **ORDER TO CONTINUE - Ends of Justice as to Nicholas Tarpley; case continued to next term, 6/8/2017. Signed by Honorable R Bryan Harwell on 4/18/17.**(mcam) (Entered: 04/18/2017) |
| 05/02/2017 | 329 | SCHEDULING NOTICE as to Nicholas Tarpley; Motions must be filed by 5/15/2017; Pretrial Conference set for 6/5/2017 10:00 AM; Pleas will be taken on 6/6/2017 9:30 AM; Jury Selection set for 6/8/2017 09:30 AM in Florence #1, McMillan Federal Bldg, 401 W Evans St, Florence before Honorable R Bryan Harwell. (mcam) (Entered: 05/02/2017) |
| 05/08/2017 | 330 | MOTION for Disclosure by USA as to Nicholas Tarpley. Proposed order is being emailed to chambers with copy to opposing counsel(Parham, A) (Entered: |

| | | 05/08/2017) |
|---|---|---|
| 05/08/2017 | 331 | MOTION for Discovery *Reciprocal* by USA as to Nicholas Tarpley. No proposed order (Attachments: # 1 Certificate of Service)(Parham, A) (Entered: 05/08/2017) |
| 05/09/2017 | 333 | DISCLOSURE ORDER granting 330 Motion for Disclosure Order as to Nicholas Tarpley (5). Signed by Honorable R Bryan Harwell on 5/9/17.(mcam) (Entered: 05/09/2017) |
| 05/09/2017 | 334 | PROTECTIVE ORDER as to Nicholas Tarpley. Signed by Honorable R Bryan Harwell on 5/9/17.(mcam) (Entered: 05/09/2017) |
| 06/02/2017 | 338 | MOTION to Continue *with waiver of rights under speedy trial act* by Nicholas Tarpley. No proposed order(Lewis, Nicholas) (Main Document 338 replaced on 6/2/2017 per filing user to add consent of government) (mcam). (Entered: 06/02/2017) |
| 06/02/2017 | 339 | ORDER granting 338 Motion to Continue as to Nicholas Tarpley (5); case continued to next term, 7/27/17. Signed by Honorable R Bryan Harwell on 6/2/17.(mcam) (Entered: 06/02/2017) |
| 06/02/2017 | 340 | NOTICE OF CANCELLATION OF HEARING: Pretrial Conference 6/5/2017 10:00 AM and Jury Selection 6/8/17 9:30 AM as to Nicholas Tarpley (mcam) (Entered: 06/02/2017) |
| 06/20/2017 | 355 | SCHEDULING NOTICE as to Nicholas Tarpley; Motions must be filed by 7/3/2017 and will be heard on 7/24/17; Pretrial Conference set for 7/24/2017 10:00 AM; Pleas will be taken on 7/25/17 9:30 AM; Jury Selection set for 7/27/2017 09:30 AM in Florence #1, McMillan Federal Bldg, 401 W Evans St, Florence before Honorable R Bryan Harwell. (mcam) (Entered: 06/20/2017) |
| 07/07/2017 | 368 | PLEA AGREEMENT as to Nicholas Tarpley (Parham, A) (Entered: 07/07/2017) |
| 07/18/2017 | 372 | NOTICE OF CANCELLATION OF HEARING: Pretrial Conference set for 7/24/2017 10:00 AM and Jury Selection 7/27/17 9:30 AM as to Nicholas Tarpley. Plea Agreement has been filed. (mcam) (Entered: 07/18/2017) |
| 07/24/2017 | 374 | WAIVER of Appearance at Pretrial Conference by Nicholas Tarpley (Lewis, Nicholas) (Entered: 07/24/2017) |
| 08/15/2017 | 401 | NOTICE OF HEARING as to Nicholas Tarpley. Plea Hearing and Sentencing set for 8/24/2017 at 2:00 PM in Florence #1, McMillan Federal Bldg, 401 W Evans St, Florence before the Honorable R Bryan Harwell. (hcic, ) (Entered: 08/15/2017) |
| 08/24/2017 | 436 | Minute Entry for proceedings held before Honorable R Bryan Harwell: Plea and Sentence Hearing held on 8/24/2017 as to Nicholas Tarpley (5); A. Bradley Parham, AUSA, present; Nicholas Lewis present with defendant; Plea of guilty and sentencing on Count 1. Defendant and government waive 35 day notice period. Court Reporter: Beth Krupa. CJA Time: 1 hour 5 minutes. (mcam) (Entered: 08/24/2017) |
| 08/24/2017 | 437 | GUILTY PLEA ENTERED as to Nicholas Tarpley (mcam) (Entered: 08/24/2017) |
| 08/24/2017 | 438 | WAIVER of Appeal by Nicholas Tarpley (mcam) (Entered: 08/24/2017) |
| 08/28/2017 | 439 | JUDGMENT as to Nicholas Tarpley (5), Count 1, The defendant is hereby sentenced to probation for a term of 5 years. While on probation, the |

| | | defendant shall comply with the mandatory and standard conditions of supervision outlined in 18 U.S.C. 3563(a)&(b) and special conditions. $100.00 special assessment and $1000.00 fine. Signed by Honorable R Bryan Harwell on 8/28/17.(mcam) (Entered: 08/28/2017) |
|---|---|---|
| 03/01/2019 | 457 | MOTION to Modify Conditions of Probation as to Nicholas Tarpley. (Attachments: # 1 Waiver of Hearing) (hcic, ) (Entered: 03/01/2019) |
| 03/01/2019 | 458 | ORDER granting 457 Motion to Modify Conditions of Release as to Nicholas Tarpley (5). You must participate in an outpatient substance abuse testing program and follow the rules and regulations of that program. The probation officer will supervise your participation in the program (provider, location, modality, duration, intensity, etc.). You must contribute to the cost of such program not to exceed the amount determined reasonable by the court approved "U.S. Probation Office's Sliding Scale for Services," and you will cooperate in securing any applicable third-party payment, such as insurance or Medicaid. Signed by Chief Judge R Bryan Harwell on 3/1/2019. (hcic, ) (Entered: 03/01/2019) |
| 06/26/2019 | 459 | Probation Jurisdiction Transferred to Southern District of West Virginia as to Nicholas Tarpley. Transmitted Transfer of Jurisdiction form, with certified copies of indictment, judgment and docket sheet. (hcic, ) (Entered: 06/26/2019) |



A TRUE COPY ATTEST:
ROBIN L. BLUME, CLERK
BY: s/Heather Ciccolella, Deputy Clerk,
6/26/2019

**RECEIVED**

AUG 2 3 2016

**FLORENCE, S.C.**

IN THE DISTRICT COURT OF THE UNITED STATES
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) CRIMINAL NO.: 4:16-646 |
| | ) 18 U.S.C. § 371 |
| vs. | ) 8 U.S.C. § 1325( c) |
| | ) 18 U.S.C. § 1425(b) |
| **SONIA RAQUEL SANTAELLA VIEIRA** | ) 8 U.S.C. §1451(e). |
| **ADALBERTO VIEIRA** | ) **INDICTMENT** |
| **JULIE MCGORTY** | ) |
| **CLAUDIA LICIA SANTAELLA FERREIRA** | ) |
| **NICHOLAS TARPLEY** | ) |
| **SIDNEI NOIVO FERREIRA** | ) |
| **NATHALIA SANTAELLA FERREIRA** | ) |
| **JASON BOLT** | ) |
| **AMANDA SANTAELLA FERREIRA** | ) |
| **COLBY MUSSER** | ) |
| | ) |

<u>**COUNT 1**</u>

**THE GRAND JURY CHARGES:**

<u>**BACKGROUND**</u>

1.    At all times relevant to this Indictment, the Defendants, **SONIA RAQUEL
SANTAELLA VIEIRA, ADALBERTO VIEIRA, CLAUDIA LICIA SANTAELLA
FERREIRA, SIDNEI NOIVO FERREIRA, NATHALIA SANTAELLA
FERREIRA** and **AMANDA SANTAELLA FERREIRA**, were citizens of Brazil
attempting to become permanent residents and citizens of the United States.

2.    At all times relevant to this Indictment, the Defendants, **JULIE MCGORTY,
NICHOLAS TARPLEY, JASON BOLT** and **COLBY MUSSER**, were citizens of the
United States.

3.    From in or around February 2001, to the date of this Indictment, in the District of South
Carolina and elsewhere, the Defendants, **SONIA RAQUEL SANTAELLA VIEIRA,**

1

ADALBERTO VIEIRA, JULIE MCGORTY, CLAUDIA LICIA SANTAELLA FERREIRA, NICHOLAS TARPLEY, SIDNEI NOIVO FERREIRA, NATHALIA SANTAELLA FERREIRA, JASON BOLT, AMANDA SANTAELLA FERREIRA and COLBY MUSSER, knowingly and willfully did combine, conspire, confederate, agree, and have a tacit understanding with each other and with others, both known and unknown to the Grand Jury, to arrange, cause to occur, and enter into a marriage for the purpose of evading the immigration laws of the United States, in violation of Title 8, United States Code, Section 1325(c).

## MANNER AND MEANS OF THE CONSPIRACY

### (Fraudulent Marriage of Sonia Raquel Santaella Vieira)

4.     The Defendants, **SONIA RAQUEL SANTAELLA VIEIRA, ADALBERTO VIEIRA,** and **JULIE MCGORTY,** and others known and unknown to the Grand Jury, arranged and assisted with the marriage of **SONIA RAQUEL SANTAELLA VIEIRA** to another person who was a United States citizen and is now deceased.

5.     It was a part of the conspiracy that **SONIA RAQUEL SANTAELLA VIEIRA, ADALBERTO VIEIRA,** and **JULIE MCGORTY,** and others known and unknown to the Grand Jury, recruited, paid and assisted the aforementioned United States citizen, so that **SONIA RAQUEL SANTAELLA VIEIRA** could attempt to obtain permanent resident status and United States citizenship from the United States Citizenship and Immigration Services (USCIS) by virtue of a marriage to a United States citizen.

6.     It was a part of the conspiracy that **SONIA RAQUEL SANTAELLA VIEIRA** and **ADALBERTO VIEIRA,** and others known and unknown to the Grand Jury, assisted the aforementioned United States citizen regarding the aforesaid marriage, and directed

2

JULIE MCGORTY and this United States citizen, and others known and unknown to the Grand Jury, to falsely represent, on documents submitted to and filed with USCIS, that the aforesaid marriage was legitimate, that this United States citizen and **SONIA RAQUEL SANTAELLA VIEIRA** were residing together as husband and wife, and that they intended to reside together as husband and wife, when in fact, as they then well knew, they did not reside together as husband and wife, and had no intention of residing together as husband and wife.

### (Fraudulent Marriage of Adalberto Vieira and Julie McGorty)

7.   The Defendants, **ADALBERTO VIEIRA** and **SONIA RAQUEL SANTAELLA VIEIRA**, and others known and unknown to the Grand Jury, arranged and assisted with the marriage of **ADALBERTO VIEIRA** to **JULIE MCGORTY**.

8.   It was a part of the conspiracy that **ADALBERTO VIEIRA** and **SONIA RAQUEL SANTAELLA VIEIRA**, and others known and unknown to the Grand Jury, recruited, paid and assisted **JULIE MCGORTY**, so that **ADALBERTO VIEIRA** could attempt to obtain permanent resident status and United States citizenship from the United States Citizenship and Immigration Services (USCIS) by virtue of a marriage to a United States citizen.

9.   It was a part of the conspiracy that **ADALBERTO VIEIRA** and **SONIA RAQUEL SANTAELLA VIEIRA**, and others known and unknown to the Grand Jury, assisted **JULIE MCGORTY** regarding the aforesaid marriage, and directed **JULIE MCGORTY**, and others known and unknown to the Grand Jury, to falsely represent, on documents submitted to and filed with USCIS, that the aforesaid marriage was legitimate,

3

that **ADALBERTO VIEIRA** and **JULIE MCGORTY** were residing together as husband and wife, and that they intended to reside together as husband and wife, when in fact, as they then well knew, they did not reside together as husband and wife, and had no intention of residing together as husband and wife.

**(Fraudulent Marriage of Claudia Licia Santaella Ferreira and Nicholas Tarpley)**

10. The Defendants, **CLAUDIA LICIA SANTAELLA FERREIRA, SIDNEI NOIVO FERREIRA, ADALBERTO VIEIRA, NATHALIA SANTAELLA FERREIRA, AMANDA SANTAELLA FERREIRA, JULIE MCGORTY** and **COLBY MUSSER**, and others known and unknown to the Grand Jury, arranged and assisted with the marriage of **CLAUDIA LICIA SANTAELLA FERREIRA** to **NICHOLAS TARPLEY**.

11. It was a part of the conspiracy that **CLAUDIA LICIA SANTAELLA FERREIRA, SIDNEI NOIVO FERREIRA, ADALBERTO VIEIRA, NATHALIA SANTAELLA FERREIRA, AMANDA SANTAELLA FERREIRA, JULIE MCGORTY** and **COLBY MUSSER**, and others known and unknown to the Grand Jury, recruited, paid and assisted **NICHOLAS TARPLEY**, so that **CLAUDIA LICIA SANTAELLA FERREIRA** could attempt to obtain permanent resident status and United States citizenship from the United States Citizenship and Immigration Services (USCIS) by virtue of a marriage to a United States citizen.

12. It was a part of the conspiracy that **CLAUDIA LICIA SANTAELLA FERREIRA**, and others known and unknown to the Grand Jury, assisted **NICHOLAS TARPLEY** regarding the aforesaid marriage, and directed **NATHALIA SANTAELLA**

4

FERREIRA, **AMANDA SANTAELLA FERREIRA**, **JULIE MCGORTY**, **COLBY MUSSER** and **NICHOLAS TARPLEY**, and others known and unknown to the Grand Jury, to falsely represent, on documents submitted to and filed with USCIS, that the aforesaid marriage was legitimate, that **NICHOLAS TARPLEY** and **CLAUDIA LICIA SANTAELLA FERREIRA** were residing together as husband and wife, and that they intended to reside together as husband and wife, when in fact, as they then well knew, they did not reside together as husband and wife, and had no intention of residing together as husband and wife.

**(Fraudulent Marriage of Nathalia Santaella Ferreira and Jason Bolt)**

13. The Defendants, **NATHALIA SANTAELLA FERREIRA**, **CLAUDIA LICIA SANTAELLA FERREIRA** and **SIDNEI NOIVO FERREIRA**, and others known and unknown to the Grand Jury, arranged and assisted with the marriage of **NATHALIA SANTAELLA FERREIRA** to **JASON BOLT**.

14. It was a part of the conspiracy that **NATHALIA SANTAELLA FERREIRA**, **CLAUDIA LICIA SANTAELLA FERREIRA** and **SIDNEI NOIVO FERREIRA**, and others known and unknown to the Grand Jury, recruited, paid and assisted **JASON BOLT**, so that **NATHALIA SANTAELLA FERREIRA** could attempt to obtain permanent resident status and United States citizenship from the United States Citizenship and Immigration Services (USCIS) by virtue of a marriage to a United States citizen.

15. It was a part of the conspiracy that **NATHALIA SANTAELLA FERREIRA**, **CLAUDIA LICIA SANTAELLA FERREIRA** and **SIDNEI NOIVO FERREIRA**,

5

and others known and unknown to the Grand Jury, assisted **JASON BOLT** regarding the aforesaid marriage, and directed **JASON BOLT**, and others known and unknown to the Grand Jury, to falsely represent, on documents submitted to and filed with USCIS, that the aforesaid marriage was legitimate, that **JASON BOLT** and **NATHALIA SANTAELLA FERREIRA** were residing together as husband and wife, and that they intended to reside together as husband and wife, when in fact, as they then well knew, they did not reside together as husband and wife, and had no intention of residing together as husband and wife.

### (Fraudulent Marriage of Amanda Santaella Ferreira and Colby Musser )

16. The Defendants, **AMANDA SANTAELLA FERREIRA, CLAUDIA LICIA SANTAELLA FERREIRA, SIDNEI NOIVO FERREIRA** and **NATHALIA SANTAELLA FERREIRA**, and others known and unknown to the Grand Jury, arranged and assisted with the marriage of **AMANDA SANTAELLA FERREIRA** to **COLBY MUSSER.**

17. It was a part of the conspiracy that **AMANDA SANTAELLA FERREIRA, CLAUDIA LICIA SANTAELLA FERREIRA, SIDNEI NOIVO FERREIRA** and **NATHALIA SANTAELLA FERREIRA**, and others known and unknown to the Grand Jury, recruited and assisted **COLBY MUSSER**, so that **AMANDA SANTAELLA FERREIRA** could attempt to obtain permanent resident status and United States citizenship from the United States Citizenship and Immigration Services (USCIS) by virtue of a marriage to a United States citizen.

6

18.     It was a part of the conspiracy that **AMANDA SANTAELLA FERREIRA** and **SIDNEI NOIVO FERREIRA**, and others known and unknown to the Grand Jury, assisted **COLBY MUSSER** regarding the aforesaid marriage, and directed **CLAUDIA LICIA SANTAELLA FERREIRA, NATHALIA SANTAELLA FERREIRA** and **COLBY MUSSER**, and others known and unknown to the Grand Jury, to falsely represent, on documents submitted to and filed with USCIS, that the aforesaid marriage was legitimate, that **COLBY MUSSER** and **AMANDA SANTAELLA FERREIRA** were residing together as husband and wife, and that they intended to reside together as husband and wife, when in fact, as they then well knew, they did not reside together as husband and wife, and had no intention of residing together as husband and wife.

### Overt Acts

19.     In furtherance of the conspiracy, and to effect its goals, the following overt acts were committed in the District of South Carolina and elsewhere:

    a.     On or about February 9, 2001, **SONIA RAQUEL SANTAELLA VIEIRA** and **ADALBERTO VIEIRA** were divorced in Brazil;

    b.     On or about February 9, 2001, **CLAUDIA LICIA SANTAELLA FERREIRA** and **SIDNEI NOIVO FERREIRA** used a fraudulent document to make it appear as if they were divorced in Brazil;

    c.     On or about April 25, 2007, **NATHALIA SANTAELLA FERREIRA** and **JASON BOLT** were married in Conway, South Carolina, as a result of arrangements made by **NATHALIA SANTAELLA FERREIRA** and

7

**CLAUDIA LICIA SANTAELLA FERREIRA**, and others known to the Grand Jury;

d.   On or about June 27, 2007, **NATHALIA SANTAELLA FERREIRA** and **JASON BOLT** filed an Application to Register Permanent Residence or Adjust Status (Form I-485) and a Petition for Alien Relative (Form I-130) with USCIS, which Application and Petition contained false statements;

e.   On or about June 23, 2008, **NATHALIA SANTAELLA FERREIRA** and **JASON BOLT** made false statements to USCIS during an interview being conducted to determine if **NATHALIA SANTAELLA FERREIRA** should be allowed to adjust her immigration status and stay in the United States;

f.   On or about November 10, 2008, **SONIA RAQUEL SANTAELLA VIEIRA** and another person who was a United States citizen were married in Myrtle Beach, South Carolina, as a result of arrangements made by **SONIA RAQUEL SANTAELLA VIEIRA, ADALBERTO VIEIRA,** and **JULIE MCGORTY,** and others known to the Grand Jury;

g.   On or about November 10, 2008, **ADALBERTO VIEIRA** and **JULIE MCGORTY** were married in Myrtle Beach, South Carolina, as a result of arrangements made by **ADALBERTO VIEIRA** and **SONIA RAQUEL SANTAELLA VIEIRA,** and others known to the Grand Jury;

h.   On or about November 13, 2008, **SONIA RAQUEL SANTAELLA VIEIRA** and another person who was a United States citizen filed an Application to Register Permanent Residence or Adjust Status (Form I-485) and a Petition for

8

Alien Relative (Form I-130) with USCIS, which Application and Petition contained false statements;

i.    On or about June 1, 2009, **SONIA RAQUEL SANTAELLA VIEIRA** and another person who was a United States citizen made false statements to USCIS during an interview being conducted to determine if **SONIA RAQUEL SANTAELLA VIEIRA** should be allowed to adjust her immigration status and stay in the United States;

j.    On or about February 28, 2010, **CLAUDIA LICIA SANTAELLA FERREIRA** and **NICHOLAS TARPLEY** were married in Georgetown, South Carolina, as a result of arrangements made by **CLAUDIA LICIA SANTAELLA FERREIRA, ADALBERTO VIEIRA** and **JULIE MCGORTY**, and others known to the Grand Jury;

k.    On or about March 7, 2010, **CLAUDIA LICIA SANTAELLA FERREIRA** and **NICHOLAS TARPLEY** filed an Application to Register Permanent Residence or Adjust Status (Form I-485) and a Petition for Alien Relative (Form I-130) with USCIS, which Application and Petition contained false statements;

l.    On or about April 21, 2010, **NATHALIA SANTAELLA FERREIRA** and **JASON BOLT** filed a Petition to Remove Conditions on Residence (Form I-751) with USCIS, which Petition contained false statements;

m.    On or about June 8, 2010, **CLAUDIA LICIA SANTAELLA FERREIRA** and **NICHOLAS TARPLEY** made false statements to USCIS during an interview being conducted to determine if **CLAUDIA LICIA SANTAELLA FERREIRA** should be allowed to adjust her immigration status and stay in the United States;

9

n.   On or about July 3, 2010, **AMANDA SANTAELLA FERREIRA** and **COLBY MUSSER** were married in Myrtle Beach, South Carolina, as a result of arrangements made by **AMANDA SANTAELLA FERREIRA, CLAUDIA LICIA SANTAELLA FERREIRA** and **SIDNEI NOIVO FERREIRA,** and others known to the Grand Jury;

o.   On or about July 13, 2010, **AMANDA SANTAELLA FERREIRA** and **COLBY MUSSER** filed an Application to Register Permanent Residence or Adjust Status (Form I-485) and a Petition for Alien Relative (Form I-130) with USCIS, which Application and Petition contained false statements;

p.   On or about November 16, 2010, **AMANDA SANTAELLA FERREIRA** and **COLBY MUSSER** made false statements to USCIS during an interview being conducted to determine if **AMANDA SANTAELLA FERREIRA** should be allowed to adjust her immigration status and stay in the United States;

q.   On or about November 17, 2010, **ADALBERTO VIEIRA** and **JULIE MCGORTY** filed an Application to Register Permanent Residence or Adjust Status (Form I-485) and a Petition for Alien Relative (Form I-130) with USCIS, which Application and Petition contained false statements;

r.   On or about February 28, 2011, **ADALBERTO VIEIRA** and **JULIE MCGORTY** made false statements to USCIS during an interview being conducted to determine if **ADALBERTO VIEIRA** should be allowed to adjust his immigration status and stay in the United States;

s.    On or about May 20, 2011, **SONIA RAQUEL SANTAELLA VIEIRA** and another person who was a United States citizen filed a Petition to Remove Conditions on Residence (Form I-751) with USCIS, which Petition contained false statements;

t.    On or about August 29, 2011, **SONIA RAQUEL SANTAELLA VIEIRA** and another person who was a United States citizen made false statements to USCIS during an interview being conducted to determine if **SONIA RAQUEL SANTAELLA VIEIRA** should be allowed to have the conditions on her residence removed;

u.    On or about October 13, 2011, **NATHALIA SANTAELLA FERREIRA** filed an Application for Naturalization (Form N-400) with USCIS, which Application contained false statements;

v.    On or about February 22, 2012, **NATHALIA SANTAELLA FERREIRA** made false statements to USCIS during an interview being conducted to determine if **NATHALIA SANTAELLA FERREIRA** should be eligible for and be granted United States citizenship;

w.    On or about April 19, 2012, **CLAUDIA LICIA SANTAELLA FERREIRA** and **NICHOLAS TARPLEY** filed a Petition to Remove Conditions on Residence (Form I-751) with USCIS, which Petition contained false statements;

x.    On or about August 22, 2012, **CLAUDIA LICIA SANTAELLA FERREIRA** and **NICHOLAS TARPLEY** made false statements to USCIS during an interview being conducted to determine if **CLAUDIA LICIA SANTAELLA FERREIRA** should be allowed to have the conditions on her residence removed;

11

y.   On or about October 15, 2012, **SIDNEI NOIVO FERREIRA** and **NATHALIA SANTAELLA FERREIRA** filed an Application to Register Permanent Residence or Adjust Status (Form I-485) and a Petition for Alien Relative (Form I-130) with USCIS, which Application and Petition contained false statements;

z.   On or about October 31, 2012, **AMANDA SANTAELLA FERREIRA** and **COLBY MUSSER** filed a Petition to Remove Conditions on Residence (Form I-751) with USCIS, which Petition contained false statements;

aa.   On or about April 24, 2013, **AMANDA SANTAELLA FERREIRA** and **COLBY MUSSER** made false statements to USCIS during an interview being conducted to determine if **AMANDA SANTAELLA FERREIRA** should be allowed to have the conditions on her residence removed;

All in violation of Title 18, United States Code, Section 371.

## COUNT 2

**THE GRAND JURY FURTHER CHARGES:**

That on or about October 13, 2011, in the District of South Carolina, the Defendant, **NATHALIA SANTAELLA FERREIRA,** knowingly did apply for, and attempt to procure and obtain naturalization and citizenship for herself, to which she was not entitled, in that she made false and fraudulent statements on her Application for Naturalization (Form N-400) by claiming that she and **JASON BOLT** had been residing together as wife and husband at 423 McKendree Lane, Myrtle Beach, South Carolina, when in truth and in fact, as she then well knew, she had not been residing and never intended to reside with **JASON BOLT** in Myrtle Beach, South Carolina, as his wife;

In violation of Title 18, United States Code, Section 1425(b) and Title 8, United States Code, Section 1451(e).

A ___TRUE___ BILL

FOREPERSON

BETH DRAKE                    (ABP)
ACTING UNITED STATES ATTORNEY



A TRUE COPY ATTEST:
ROBIN L. BLUME, CLERK
BY: s/Heather Ciccolella, Deputy Clerk,
6/26/2019

13

AO 245B (SCDC Rev.11/16) Judgment in a Criminal Case Sheet 1

# UNITED STATES DISTRICT COURT
## District of South Carolina

| | |
|---|---|
| UNITED STATES OF AMERICA | **JUDGMENT IN A CRIMINAL CASE** |
| vs. | |
| **NICHOLAS TARPLEY** | Case Number: **4:16CR00646-RBH (5)** |
| | **USM Number:** |
| | Nicholas Lewis, CJA |
| | Defendant's Attorney |

**THE DEFENDANT:**

■ pleaded guilty to count(s) <u>one (1) on August 24, 2017</u>.

☐ pleaded nolo contendere to count(s) _____ which was accepted by the court.

☐ was found guilty on count(s) after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18:371 | Please see indictment | 8/23/16 | 1 |

The defendant is sentenced as provided in pages 2 through <u>5</u> of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s)_____

☐ Count(s) _____ ☐ is ☐are dismissed on the motion of the United States.

☐ Forfeiture provision is hereby dismissed on motion of the United States Attorney.

It is ordered that the defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of any material changes in economic circumstances.

<u>August 24, 2017</u>
Date of Imposition of Judgment

<u>s/ R. Bryan Harwell</u>
Signature of Judge

<u>Hon. R. Bryan Harwell, U.S. District Judge</u>
Name and Title of Judge

<u>August 28, 2017</u>
Date

AO 245B (SCDC Rev. 11/16) Judgment in a Criminal Case
Sheet 4 - Probation

Page 2

DEFENDANT: NICHOLAS TARPLEY
CASE NUMBER: 4:16CR00646-RBH (5)

# PROBATION

    The defendant is hereby sentenced to probation for a term of **five (5) years**.

    While on probation, the defendant shall comply with the mandatory and standard conditions of supervision outlined in 18 U.S.C. 3563(a)&(b) and the following special conditions:

    1. The defendant shall submit financial documents and verification of income to the Probation Office as requested. The Court reserves the right to increase payments based upon any increase in financial status.

    2. The defendant shall satisfactorily participate in a drug testing program as approved by the U.S. Probation Office. The defendant shall contribute to costs of such program not to exceed an amount determined reasonable by the court approved "U.S. Probation Office's Sliding Scale for Services", and shall cooperate in securing any applicable third-party payment, such as insurance or "Medicaid".

# MANDATORY CONDITIONS

1. You must not commit another federal, state or local crime.
2. You must not unlawfully possess a controlled substance.
3. You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of placement on probation and at least two periodic drug tests thereafter, as determined by the court.
   - ☐ The above drug testing condition is suspended, based on the court's determination that you pose a low risk of future substance abuse. *(check if applicable)*
4. ☑ You must cooperate in the collection of DNA as directed by the probation officer. *(check if applicable)*
5. ☐ You must comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. §16901, *et seq.*) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in the location where you reside, work, are a student, or were convicted of a qualifying offense. *(check if applicable)*
6. ☐ You must participate in an approved program of domestic violence. *(check if applicable)*
7. ☐ You must make restitution in accordance with 18 U.S.C. §§ 2248, 2259, 2264, 2327, 3663, 3663A, and 3664. *(check if applicable)*
8. You must pay the assessment imposed in accordance with 18 U.S.C. § 3013.
9. If this judgment imposes a fine, you must pay in accordance with the Schedule of Payments sheet of this judgment.
10. You must notify the court of any material change in your economic circumstances that might affect your ability to pay restitution, fines, or special assessments.

You must comply with the standard conditions that have been adopted by this court as well as with any other conditions on the attached page.

AO 245B (SCDC Rev. 11/16) Judgment in a Criminal Case
    Sheet 4A - Probation

Page 3

DEFENDANT: NICHOLAS TARPLEY
CASE NUMBER: 4:16CR00646-RBH (5)

# STANDARD CONDITIONS OF SUPERVISION

As part of your probation, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1.    You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of the time you were sentenced, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2.    After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3.    You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4.    You must answer truthfully the questions asked by your probation officer.
5.    You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6.    You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
7.    You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
8.    You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
9.    If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
10.    You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).
11.    You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12.    If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.
13.    You must follow the instructions of the probation officer related to the conditions of supervision.

## U.S. Probation Office Use Only

A U.S. probation officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions. For further information regarding these conditions, see *Overview of Probation and Supervised Release Conditions*, available at www.uscourts.gov.

Defendant's Signature _____    Date _____

AO 245B (SCDC Rev. 11/16) Judgment in a Criminal Case
Sheet 5 - Criminal Monetary Penalties

Page 4

DEFENDANT: NICHOLAS TARPLEY
CASE NUMBER: 4:16CR00646-RBH (5)

# CRIMINAL MONETARY PENALTIES

The defendant shall pay the total criminal monetary penalties under the schedule of payments on Sheet 4.

| | Assessment | JVTA Assessment* | Fine | Restitution |
|---|---|---|---|---|
| **TOTALS** | **$ 100.00** | | **$1000.00** | |

☐ The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case(AO245C)* will be entered after such determination.

☐ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless otherwise specified in the priority order or percentage payment column below.  However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss** | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| **TOTALS** | $ | $ | |

☐ Restitution amount ordered pursuant to plea agreement    $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of judgment, pursuant to 18 U.S.C. §3612(f).  All of the payment options on Sheet 5 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. §3612(g).

■ The court determined that the defendant does not have the ability to pay interest and it is ordered that:
    ■ The interest requirement is waived for the ■ fine ☐ restitution.
    ☐ The interest requirement for the ☐ fine ☐ restitution is modified as follows:

*Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22.
**Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245B    (SCDC Rev. 11/16) Judgment in a Criminal Case
Sheet 6 - Schedule of Payments

Page 5

DEFENDANT: NICHOLAS TARPLEY
CASE NUMBER: 4:16CR00646-RBH (5)

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

A    ■    Lump sum payment of **$100.00 (special assessment) and $1000.00 (fine)** due immediately, balance due

☐ not later than _____, or

☐ in accordance with    ■ C,    ☐ D, or    ☐ E, or ☐ F below: or

B    ☐    Payment to begin immediately (may be combined with    ☐ C,    ☐ D, or    ☐ F below); or

C    ■    Any unpaid _fine_ payment in _monthly_ installments of **$100.00** to commence _30 days_ after sentencing; or

D    ☐    Payment in equal _____(e.g., weekly, monthly, quarterly) installments of $_____over a period
of _____(e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a
term of supervision; or

E    ☐    Payment during the term of supervised release will commence within *(e.g., 30 or 60 days)* after release from imprisonment.
The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F    ☐    Special instructions regarding the payment of criminal monetary penalties:

Unless the court has expressly ordered otherwise, if this judgment imposes  imprisonment, payment of criminal monetary penalties is
due during imprisonment.  All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate
Financial Responsibility Program, are made to the clerk of court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐    Joint and Several

Defendant and Co-Defendant Names and Case Numbers *(including defendant number)*, Total Amount, Joint and Several Amount,
and corresponding payee, if appropriate.

☐    The defendant shall pay the cost of prosecution.
☐    The defendant shall pay the following court cost(s):
☐    The defendant shall forfeit the defendant's interest in the following property to the United States:

As directed in the Preliminary Order of Forfeiture, filed _____ and the said order is incorporated herein as part of this judgment.

Payments shall be applied in the following order:  (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal,
(5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.



A TRUE COPY ATTEST:
ROBIN L. BLUME, CLERK
BY: s/Heather Ciccolella, Deputy Clerk,
6/26/2019